UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor,<br><br>    Plaintiff,<br><br>    Vs.<br><br>E Mortgage Capital Inc. and Chris Clusiau Individually<br><br>    Defendants. | C/A No: 2:26-cv-503-JD-MGB<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff complaining of the Defendants alleges as follows:

### TYPE OF ACTION

1.     This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty and S.C. Code Section § 37-21.

### PARTIES

2.     Plaintiff is a resident of Charleston County, South Carolina.

3.     The calls alleged in this complaint were made to Plaintiff's wireless phone line in South Carolina.

4.     Defendant E Mortgage Capital, Inc. (hereinafter " EMC") is a California corporation.

5.     Upon information and belief, EMC's principal office is located at 3750 S. Susan Street Santa Ana, CA 92704.

6.     EMC makes calls to residents of South Carolina.

7.     EMC conducts and transacts business in South Carolina.

1

8. Christopher Clusiau ("Clusiau") is an individual.

9. Clusiau participates in calls to residents of South Carolina.

10. Clusiau conducts and transacts business in South Carolina.

## VENUE AND JURISDICTION

11. This cause of action arises out of conduct of Defendants initiating telephone solicitations to Plaintiff's wireless telephone number in Charleston County South Carolina.

12. Plaintiff is a resident of Charleston County.

13. Pursuant to *Mims v. Arrow Fin. Services. LLC 565* U.S. 368, 372 (2012), this court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under the South Carolina Telephone Privacy Protection Act, S.C. Code Section 37-21, because the state claims arise from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff, and add little complexity to the case. Furthermore, pursuant to Section 37-21-100, "Nothing in this chapter must be construed to limit any remedies, causes of action, or penalties available to a person or governmental agency under another federal or state law."

## The Telephone Consumer Protection Act

14. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response

2

to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

15. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

16. The TCPA provides a private right of action under section 47 U.S.C § 227 (c)(5) for a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under the subsection.

### The South Carolina Telephone Privacy Protection Act

17. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, et seq.

18. The SCTPPA requires that "at the outset of a telephone solicitation, a telephone solicitor shall provide… a telephone number and address at which the telephone solicitor may be contacted;." 37-21-40(A)(1).

19. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

20. The SCTPPA provides a private right of action under section S.C. Code § 37-21-80 for a person who has received a telephone solicitation by text mesage in violation of the regulations prescribed under the statute.

### The National Do Not Call Registry

21. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

22. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

23. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### The TCPA Also Requires Telemarketers to Transmit Caller Identification Information

24. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

25. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

26. The regulations also require any caller identification information to "include either CPN or ANI" and "permit any individual to make a do-not-call request during regular business hours." Id.

27. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. Dobronski v. Selectquote Ins. Servs., No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

### Factual Allegations

28. The telemarketing campaign alleged herein included placing multiple solicitation calls sent via text message (the "Texts") to Plaintiff's number to promote mortgage services.

29. Defendants EMC and Clusiau placed the alleged Texts to Connor's wireless number.

### Telephone calls to Plaintiff

30. Plaintiff Connor is a "person" as defined by 47 U.S.C. § 153(39).

31. Plaintiff Connor is a "person" as defined by SC Code Section 37-21-20.

32. Defendant EMC is a "person" as defined by SC Code Section 37-21-20.

33. Defendant Clusiau is a "person" as defined by SC Code Section 37-21-20.

34. Plaintiff is the sole subscriber to the wireless telephone number (843) 557-XXXX.

35. Plaintiff uses the cellular telephone as a personal residential number.

36. Plaintiff's number, (843) 557-XXXX, has been on the National Do Not Call Registry since 2009.

37. Plaintiff never consented to receive calls from Defendants.

38. Defendants transmitted four (4) calls via text messages (the "Texts") to Plaintiff.

39. Clusiau directly participated in the Texts alleged herein with Plaintiff, had knowledge of the Texts, or by failure to act, allowed such Texts to be made.

40. EMC directly participated in the Texts alleged herein with Plaintiff, had knowledge of the Texts, or by failure to act, allowed such Texts to be made.

41. On January 5, 2026, at or about 1:52 p.m. EST, Plaintiff received the first call ("First Text") to his wireless number.

42. The First Text transmitted the Caller ID 949-832-7223, a non-working number.

43. During the First Text, the person sending the text identified himself as Chris Clusiau, with EMC.

44. The purpose of the First Text was to solicit mortgage services for EMC.

45. A copy of Text 1 is attached hereto and incorporated herein as Exhibit 1.

6

46. On January 5, 2026, at or about 1:52 p.m. EST, Plaintiff received the second call ("Second Text") to his wireless number.

47. The Second Text transmitted the Caller ID 949-832-7223, a non-working number.

48. The Second Text transmitted a term sheet with various rate options for mortgage loans.

49. The purpose of the Second Text was to solicit EMC mortgage services to Plaintiff.

50. The purpose of the Second Text was to solicit mortgage services for EMC.

51. A copy of Second Text is attached hereto and incorporated herein as Exhibit 2.

52. On January 5, 2026, at or about 5:53 p.m. EST, Plaintiff received the third call ("Third Text") from Defendants.

53. The Third Text transmitted the Caller ID 949-832-722, a non-working number.

54. The purpose of the Third Text was to solicit EMC mortgage services to Plaintiff.

55. The purpose of the Third Text was to solicit mortgage services for EMC.

56. A copy of the Third Text is attached hereto and incorporated herein as Exhibit 3.

57. On January 6, 2026, at or about 10:16 a.m. EST, Plaintiff received the fourth call ("Fourth Text") from Defendants.

58. The Fourth Text transmitted the Caller ID 949-832-722, a non-working number.

59. The purpose of the Fourth Text was to solicit EMC mortgage services to Plaintiff.

60. The purpose of the Fourth Text was to solicit mortgage services for EMC.

61. A copy of Fourth Text is attached hereto and incorporated herein as Exhibit 4.

62. Plaintiff's privacy has been violated by the above-described telemarketing Calls from Defendants.

63. The calls to the Plaintiff were unwanted.

64. Prior to initiating this lawsuit, Plaintiff requested that EMC and Clusiau to provide any evidence of valid consent for the calls. Neither Defendant responded to the request.

## CAUSES OF ACTION

### Count One:
### Violations of the TCPA's Implementing Regulations
### Codified at 47 C.F.R. § 64.1200

65. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

66. By placing (4) telemarketing calls via text messages to the Plaintiff's telephone number, which he registered on the National Do-Not-Call Registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff's number on their Do-Not-Call list, Defendants jointly and severally, violated 47 U.S.C. § 227 (c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

67. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), and Plaintiff is entitled to an award of $500 - $1,500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R.§64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

### Count Two:
### Violations of the TCPA, 47 U.S.C. § 227 (c)(5) and Implementing Regulations Codified at 47 C.F.R. § 64.1601(e)(1)

68.    Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs.

69.    It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

70.    It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. §64.1601(e)(1).

71.    Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff in a 12-month period, by calling while transmitting non-compliant CPN or ANI.

### Count Three:
### Violations of the SCTPPA

72.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

73.    The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the SCTPPA, including: (a) initiating four text messages to a telephone number on the federal Do Not Call Registry (b) the failure to "shall provide, in a clear and conspicuous manner, telephone number and address at which the telephone solicitor may be contacted; and

74. The Defendants' violations were negligent and/or knowing.

75. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

- For the statutory damages of $500 to $1,500 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the TCPA;

- For the statutory damages of $1,000 to $5,000 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the SCTPPA;

- For an award of attorneys' fees pursuant to the SCTPPA;

- For unspecified punitive damages in an amount to be determined by the jury.

Respectfully Submitted,

*[signature: Jay Connor]*

Jay Connor Plaintiff, *Pro Se*
215 East Bay Street 201-F
Charleston, SC 29401
Jayc650@hush.com
February 6, 2026    (843) 557-5724 (Residential)

10